UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 CR 00148 |
| | ) | |
| STEVEN CROSS, | ) | Judge Matthew Kennelly |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS EVIDENCE FOUND
## DURING A WARRANTLESS SEARCH OF DEFENDANT'S VEHICLE

**NOW COMES** Defendant, **STEVEN CROSS**, by the undersigned counsel, requesting that this Court enter an order suppressing any evidence recovered from his car. In support of this request defendant states the following:

1. On July 6, 2007, the Defendant was driving on the Dan Ryan expressway. An off-duty Chicago police officer, George Porter, called 911 and stated Defendant, Cross, while driving his vehicle, had pointed a firearm at Porter. After calling 911, Porter continued to follow Cross while Cross merged on to I-290. Porter saw an Illinois State trooper (the reports incorrectly state that Cross and the trooper were traveling east on the Eisenhower-Cross was heading from the Dan Ryan to the west suburbs, via the Eisenhower, so he was traveling west). Porter spoke to the trooper and told him of the 911 call. Although the trooper was not originally responding, the trooper began following Cross, until other officers arrived. As Cross neared Cicero Avenue, multiple Illinois State troopers and Chicago police officers performed a full custodial stop on his vehicle. Cross, and his passenger, Francine Blackman (k/n/a Francine Cross), were required to exit the vehicle.

       Both were forced to get on the ground. They were handcuffed and searched before being placed in separate police vehicles. Francine was placed under arrest for cannabis that had been found on her person at the time of the custodial search. Defendant Cross was placed under arrest for the aggravated assault that he had committed against Officer Porter.

2. Cross remained at the scene while Chicago Police officers searched his vehicle. They did not find a gun. Further investigation revealed no one had seen Cross throw a gun from the vehicle. A second search was then conducted. During this second search the police removed the radio from defendant's dash, with tools and found the gun that is the object of this case.

3. During the first search of the vehicle, the search incident to arrest, the police did not see any weapon in plain view.

4. Officers may perform a search of vehicle incident to a lawful arrest. *United States v. Graham, 638 F2d 1111 (7th Cir.) (cert. denied 450 U.S. 1034 (1981).* The search allowed includes the passenger compartment of the automobile. *New York v. Belton 453 U.S. 454, 101 S.Ct. 2860 (1981).* The definition of the "passenger compartment" has been broadly interpreted. *U.S. v. Arango, 879 F2d 1501 (7th Cir. 1989).*

5. In a case involving a radio *United States v. Willis 37 F3d 13 (7th Cir. 1994),* the Court found that a removable stereo was a "container" and could be removed after the officer had seen plastic bags containing crack cocaine when he peered into the stereo, before removing it. Willis is distinguishable. The stereo here was not a "removable" stereo and nothing was seen in plain view.

6. If the officers in this case conducted a lawful search incident to defendant's arrest while locating a weapon, the second search that was conducted of the vehicle was,

2

accordingly, not a lawful search incident to arrest but rather an impermissible second search conducted without the authority of a search warrant and not otherwise permitted under any exception to the warrant requirement.

**WHEREFORE** Defendant respectfully requests that this Honorable Court suppress any search conducted of his automobile, and for such further relief as this Court deems just.

Respectfully Submitted,

*s/Steven A. Greenberg*
**Attorney for Defendant**

**STEVEN A. GREENBERG**
**820 W. JACKSON, SUITE 310**
**CHICAGO, ILLINOIS  60607**
**(312) 879-9500**