UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  08 CR 00148 |
| | ) |
| STEVEN CROSS, | ) Judge Matthew Kennelly |
| | ) |
| Defendant. | ) |

## MOTION TO SUPPRESS QUASH ARREST AND EVIDENCE

**NOW COMES** Defendant, **STEVEN CROSS**, by the undersigned counsel, requesting that this Court enter an order suppressing evidence recovered from his car. In support of this request defendant states the following:

1. Defendant incorporates herein the facts contained in his Motion to Suppress Evidence Found During a Warrantless Search of Defendant's Vehicle.

2. At the time the Defendant was pulled over on the Eisenhower expressway the police were without probable cause to believe he had committed any offense.

3. The defendant's vehicle was stopped based upon a call from Officer Porter, who was on disability at time he made his call. He turned in his gun and his badge. The stop of the vehicle was made based upon his 911 call, not a call over a police radio. The information given during the 911 call by Porter was, initially, that a vehicle was proceeding from the Dan Ryan to the Edens and the person in the vehicle had pointed a gun at him. Porter did not identify himself by name. After being transferred to the State police, Porter said that the individual was traveling from the Dan Ryan to the "Stevenson—I-290." The State police dispatcher asked

Porter about the different roads, noting that Porter had given him three different roads that he thought the individual was getting on to.

4. The information provided in this case is no greater than the information provided in *Florida v. J.L. 529 U.S. 266 (2000)*. The information provided was the kind of common everyday knowledge that does not contain any indicia of reliability. As such, the vehicle should not have been stopped based on the information from Porter.

5. Assuming, arguendo, that the stop of the vehicle was proper, after the initial search of the vehicle was conducted and nothing was recovered, there was no reason to continue to detain the defendant. Furthermore, there was no reason to conduct any further search of the vehicle (even if the initial search was conducted pursuant to the lawful arrest of Francine Blackman for cannabis).

**WHEREFORE** Defendant respectfully requests that this Honorable Court quash his arrest, suppress any search conducted of his automobile, and for such further relief as this Court deems just.

Respectfully Submitted,

*s/Steven A. Greenberg*
**Attorney for Defendant**

**STEVEN A. GREENBERG**
**820 W. JACKSON, SUITE 310**
**CHICAGO, ILLINOIS 60607**
**(312) 879-9500**